## AMY ATWOOD *versus* LEVI ATWOOD.

In a demand of an assignment of dower, the widow claimed "her dower in certain real estate situate in Great Barrington, of which my husband, P., was seised during his marriage with me, *or* in the lands conveyed by B. and wife to P., by deed bearing date Feb. 22, 1830, recorded at Great Barrington, book 65, page 211, and which land *was conveyed to P. and you* in common, and now all of it held by you." It was *held*, that this description of the land was sufficiently certain, notwithstanding in the deed referred to, B alone conveyed the land and his wife merely conveyed her right of dower.

Where land was conveyed by a deed absolute on its face, it was held that the widow of the grantee was entitled to dower therein, although the conveyance was in fact, upon a parol agreement, that on the repayment of a certain loan the land should be reconveyed, and the grantee never entered under his deed or claimed possession of *the estate, a seisin in law by the husband being sufficient to entitle the wife to* dower.

In an action of dower it was *held*, that a prior right of dower which had been released to the tenant without being enforced, could not be set up against the claim of the demandant.

Where lands are demanded, the description of them in the declaration must be so certain that seisin may be delivered by the sheriff, without reference to any description dehors the writ ; and a defect therefore cannot be cured by a reference to a deed on record.

WRIT of dower. At the trial, before *Putnam* J., the demandant, who was the widow of Phineas Atwood, introduced in evidence the demand made on the tenant for an assignment of her dower. The demand was in the following words : " To Levi Atwood of Great Barrington. The undersigned, Amy Atwood, demands of you her dower in certain real estate situate in Great Barrington, of which my husband, Phineas Atwood, was seised during his marriage with me, or in the lands conveyed by William Blinn and wife to said Phineas Atwood, by deed bearing date February 22d, 1830, recorded at Great Barrington, book 65, p. 211, and which land was conveyed to said Phineas and you in common, and now all of it held by you. Great Barrington, April 5th, 1837. (Signed,) Amy Atwood."

The demandant then produced in evidence a deed of the lands in which dower was demanded, from William Blinn junior to Phineas Atwood and the tenant, dated February 22, 1830. By this deed, which was absolute on its face, Blinn conveyed to Phineas Atwood and the tenant, certain portions

of " lot No. 6, in the east division of lands in Great Barring-
ton," and a part of lot No. 5, in the same division, describing
such parcels of land particularly ; and at the same time, Julia,
the wife of William Blinn, executed a deed bearing the same
date, and written on the back of her husband's deed, whereby
she sold, released and conveyed to the grantees all her right to
dower in the premises. These deeds were recorded in the
registry of deeds at Great Barrington, and in the book and on
the page mentioned in the demand of dower.

The demandant also produced in evidence a deed dated
October 13, 1832, executed by Phineas Atwood, conveying
his interest in the premises to the tenant.

The tenant thereupon objected that there was a fatal variance
between the two deeds first mentioned and the description of
the premises in the demand ; but the judge, for the purposes
of th trial, ruled otherwise.

The tenant then objected, that Phineas Atwood was never
so seised as to entitle the demandant to dower, and offered to
prove that the conveyance from Blinn to him and the tenant
was, in fact, made to secure a loan of money from them to
Blinn, under an agreement, that, on repayment of the money,
the premises should be reconveyed ; that Blinn continued in
the actual possession of the premises without claim from the
grantees, for about five years after such conveyance ; and that
no actual claim or seisin in fact was ever made or had by
Phineas. But the judge ruled, that the deed itself from Blinn
gave a sufficient seisin, and he excluded this evidence.

The tenant then proved, that William Blinn senior died
seised of the premises, leaving Nancy Blinn, his widow, who
was still living, entitled to dower therein, and that her right was
released by her deed, dated January 4, 1834, to the tenant,
before the decease of Phineas Atwood ; and he thereupon
contended, that if the demandant was entitled to dower at all,
her claim was subject to the prior right of Nancy Blinn ; but
as there had been no assignment of dower in such land to
Nancy Blinn, the judge ruled that her claim could not be inter-
posed against the claim of the demandant.

The jury returned a verdict for the demandant and assessed
damages for the detention of dower, in the sum of $ 12·60 ;

but if the demandant was entitled to a verdict, subject to the claim of Nancy Blinn, judgment was to be rendered for one half only of such sum.

The tenant excepted to the ruling of the judge upon these points.

The tenant also moved in arrest of judgment, upon the ground, that the description of the premises in the declaration were too indefinite and uncertain to be the basis of a judgment. In the declaration the parcel of land in lot No. 5 was described as bounded on two sides by land of the tenant, the other boundaries not being given, but reference was made to the deed of W. Blinn, which was the deed of W. Blinn and wife, and to the place where it was recorded.

It was agreed, that such judgment should be rendered as the Court should direct.

*Porter* and *Sumner*, for the tenant. The demand of dower was insufficient, the description of the premises being too indefinite and uncertain. The demandant could not compel the tenant to go to the registry to ascertain in what land she claimed dower ; and besides, the deed to which reference is made in the demand, is incorrectly designated, it being the deed of Blinn alone, and not the deed of Blinn and wife. Further, the insertion of the word, *or*, in the demand, renders it uncertain in what land dower is demanded.

The description in the declaration, of the parcel in lot No. 5, is also too indefinite to sustain a judgment. A reference to a deed for a description of the land demanded, is inadmissible in a declaration ; and besides, the reference here is to a deed not in existence. *Miller* v. *Miller*, 16 Pick. 215 ; Stearns on Real Actions, 151 ; *Bindover* v. *Sindercombe*, 2 Lord Raym. 1470 ; Com. Dig. *Pleader*, 3 *A* 4, 2 *Y* 2 ; *Lever* v. *Hosier*, 2 Mod. 47 ; Bac. Abr. *Dower*, *D* 2 ; *Tate* v. *Anderson*, 9 Mass. R. 92.

*Byington*, for the demandant, to the point, that the description of the land in the demand of dower was sufficiently certain, it being merely a double description of the same land, and the tenant being a party to the deed referred to therein, cited *Alvord* v. *Collin*, 20 Pick. 418 ; and that the declaration was

*Atwood*
*v.*
*Atwood.*

*Sept.* 19th.

sufficient, *Ayer* v. *Spring*, 10 Mass. R. 80 ; *Foss* v. *Crisp*, 20 Pick. 121.

WILDE J. delivered the opinion of the Court. The first objection to the demandant's right of action is, that the demand of dower contained a defective and false description of the land in which she claimed to be dowable. The demand was in writing, and the land was described as the land of which the demandant's husband, Phineas Atwood, was seised during his coverture with her, or the lands conveyed by William Blinn and wife to Phineas Atwood by deed bearing date February 22, 1830, recorded at Great Barrington, book 65, page 211, and which land was conveyed to Phineas and the tenant, in common, and then all of it held by the tenant. This description was sufficiently certain. All that is required is, that the description of the land should be such as to give notice to the tenant, to what land the demand referred. And as the tenant was a party to the deed referred to, he could be left in no doubt as to the lands in which dower was demanded.

It has been argued that there is a variance in the description of the land thus demanded, and that of the several tracts of land in which dower is demanded in the writ ; and that the description in the demand is false, as the land was conveyed by William Blinn, and not by him and his wife. This variance however, if it existed, would not be material, as the description would be sufficiently certain notwithstanding the variance. In the conveyance of real estate, the conveyance would not be void for uncertainty, if the description be sufficient to ascertain the estate intended to be conveyed, although the estate will not agree with some of the particulars in the description. *Worthington* v. *Hylyer*, 4 Mass. R. 205. But there is no false description in the present case. Blinn's wife joined in the conveyance of her husband and " sold, released and conveyed " all her right, to the demandant's husband and the tenant.

In the next place it was objected, that the demandant's husband was never so seised as to entitle the demandant to dower, and the respondent offered to prove that the conveyance from Blinn to Phineas and Levi was in fact made to secure a loan of money, so that the conveyance was in the nature of a mortgage ; that Blinn continued in possession after the conveyance ;

and that Phineas never entered under his deed or claimed pos-
session of the estate.    This evidence was clearly inadmissible.
Whatever was the intention of the parties, the deed is abso-
lute on the face of it, and the estate granted cannot be changed
or qualified by a parol agreement.    Nor was it necessary for
Phineas to enter under the deed.    Blinn being seised, his sei-
sin passed to his grantees by the conveyance, after which he
was only tenant at will or at sufferance to them.    A seisin in
law of the husband during coverture is sufficient to entitle his
wife to dower.

It was also contended at the trial, that if the demandant were
entitled to dower, she should take it subject to a prior right
of dower of Nancy Blinn.    But as her dower had never been
assigned and had been actually released to the tenant, it seems
to us very clear  that it cannot now be set up against the claim
of the demandant.

The last objection arises on a motion in arrest of judgment.
It is objected, that the lands in which dower is demanded are
not described in the writ with sufficient certainty.    And this
objection, so far as it relates to the lands included in No. 5,
appears to the Court to be well founded.    In the description
of the land within that lot, reference is had to Blinn's deed,
and unless the description can be aided by that reference, it
is not sufficiently definite and certain.    And it is very clear,
that it cannot be thus aided.    Such a reference would be good
in a conveyance of the land, or in a demand of dower before ac-
tion brought, as has been already remarked.    But when lands
are demanded, the description of them must be so certain that
seisin may be delivered by the sheriff without reference to any
description dehors the writ.    It is not necessary in every case
to describe the land demanded by metes and bounds, but there
must be a certain description in the writ itself, and no defect
can be cured by a reference to any existing conveyance.    As
to this part of the demandant's claim, therefore, she is not en-
titled to judgment.    But as to the lands included in No 6,
those we think are described with sufficient certainty.

The demandant, however, may amend her declaration, or
take judgment for dower in lot No. 6.

*Judgment for lot No.* **6.**